

FILED
CLERK, U.S. DISTRICT COURT

MAY − 7 2009

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

SPARTAN HOME
ENTERTAINMENT, LLC,

        Plaintiff,

vs.

BOONDOCK SAINTS, LLC, a
California limited liability company;
BOONDOCK WEB, LLC, a California
limited liability company; CHRIS
BRINKER, an individual; TROY
DUFFY, an individual; DUFFY
ENTERPRISES, INC. a California
corporation; and DOES 1 through 10,
inclusive,

        Defendants.

CASE NO. 2:09-cv-0476 R

Assigned to Hon. Manuel L. Real
Courtroom 8

**JOINT STIPULATED
PROTECTIVE ORDER**

Action Filed:   December 22, 2008
Trial Date:     Not Set

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10075./45082.110075./44511.110075./44383.110075./43813.1

1

PROTECTIVE ORDER

**GOOD CAUSE STATEMENT:**

Disclosure and discovery activity in this lawsuit is likely to involve production of highly sensitive financial or business information or proprietary information that has not been disseminated to the public at large, which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, and for which special protection from public disclosure and from use for any purpose other than relating to this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Stipulated Protective Order creates no entitlement to file confidential information under seal, unless ordered by the Court.

**PROTECTIVE ORDER:**

1.     The following procedure shall govern the production of all materials during discovery in this action by any Party (the words "Party" or "Parties" are used herein to refer to any Plaintiff or any Defendant named in this litigation) including, but not limited to, answers to interrogatories and requests for admissions, all documents produced by Parties or third parties, responses to subpoenas *duces tecum*, deposition testimony, and information contained therein (hereinafter collectively the "Discovery Materials") that are designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" pursuant to this Protective Order, including all copies, excerpts, summaries and information derived from them (collectively, "Confidential Materials").

Any Party or third party producing Discovery Materials may designate Discovery Materials as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY."

2.     As a general guideline, information or materials designated as "CONFIDENTIAL" shall be those things that may be disclosed to the Parties for the purposes of this litigation, but which must be protected against disclosure to third parties. Information or materials designated as "ATTORNEY'S EYES ONLY"

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

10075./45082.110075./44511.110075./44383.110075./43813.1

shall be those things that may only be disclosed to persons set forth in paragraph 5.1 (excluding in-house counsel) of this Joint Stipulated Protective Order and specifically shall not be disclosed to any Party, any officer, director, employee or former employee of a Party or third party.

2.1    If a document or information is produced or disclosed and designated as "ATTORNEY'S EYES ONLY," except in the case of deposition testimony designated as "ATTORNEY'S EYES ONLY," the non-designating party may serve written objection within five (5) calendar days of such designation. Designation shall be complete upon service of documents with the designation. In the case of an "ATTORNEY'S EYES ONLY" designation made during a deposition, all persons from the non-designating side not otherwise identified in paragraph 5.1 below, shall be excused from the deposition. The information may then be elicited and shall be considered and treated as "ATTORNEY'S EYES ONLY." If, after the testimony is elicited, the non-designating party objects to the designation as being improper, the parties shall meet and confer, on the record. If, after the meet and confer, there is still disagreement on the propriety of the "ATTORNEY'S EYES ONLY" designation, the designating party shall, at the completion of the deposition, submit a request for *ex parte* relief asking the Court to rule on the propriety of the designation. The transcript of the meet and confer shall be attached to the *ex parte* application.

2.2    If an objection to an "ATTORNEY'S EYES ONLY" designation relating to a document is made, the parties shall meet and confer within three (3) calendar days of the objection in an attempt to resolve the objection. This meet and confer will not require a face to face meeting. After the meet and confer, if the objection remains, the designating party may either withdraw the designation or convert the designation to "CONFIDENTIAL" or submit a request for *ex parte* relief asking the Court to determine whether the document or information has been properly designated as "ATTORNEY'S EYES ONLY."

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  If an *ex parte* application is made concerning an "ATTORNEY'S EYES ONLY"
2  designation, the subject document(s) or deposition testimony, and all briefing related
3  thereto, shall be supplied to the Court under seal. Unless and until the Court denies
4  the "ATTORNEY'S EYES ONLY" designation, no attorney receiving a document
5  or information designated as "ATTORNEY'S EYES ONLY" shall show, disclose or
6  discuss the content or identity of the document(s) or information to anyone not
7  identified in paragraph 5.1 below, including the attorney's client, without prior
8  Court permission. During the pendency of the process to resolve the objection,
9  including the motion procedure discussed above, the "ATTORNEY'S EYES
10  ONLY" designation shall be binding and effective unless and until the designating
11  party removes the designation, changes the designation to "CONFIDENTIAL," or
12  the Court orders the designation removed or changed to "CONFIDENTIAL." If an
13  *ex parte* application is made to confirm the designation as "ATTORNEY'S EYES
14  ONLY", the Court will decide whether the designation was proper or not. The
15  prevailing party will be entitled to attorneys' fees and costs.

16       3.    Any Party or third party who produces documents or computer media
17  or gives testimony in this action may designate information as "CONFIDENTIAL"
18  or "ATTORNEY'S EYES ONLY" in the following manner:

19       3.1   Designation of Documents:  Any "document" (defined herein as
20  including, but not limited to exhibits, documents and things, including prototypes
21  and samples, answers to discovery such as interrogatories and responses to requests
22  for admission, motions, briefs, memoranda, deposition or hearing transcripts and
23  oral answers to deposition questions, and copies of any of the foregoing) produced
24  or given by any Party during discovery, hearings or trial in this case which sets forth
25  or contains any Confidential Materials (as defined above) may be designated by a
26  Party or other producing party with the notation that it is "CONFIDENTIAL" or
27  "ATTORNEY'S EYES ONLY" as appropriate. The notation "CONFIDENTIAL"
28  or "ATTORNEY'S EYES ONLY" shall be placed on every page of each document

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1   so designated.  Documents or information that has been so designated prior to the
2   date of entry of this Order shall be deemed designated as Confidential Materials
3   within the meaning of this paragraph.

4          3.2   <u>Designation of Electronically Stored Information</u>:   Any
5   Confidential Materials that are electronically stored and produced on magnetic disks
6   or other computer-related media (collectively "media") may be designated as such
7   by labeling each disk "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" prior
8   to production. Designations shall not be mixed on the same produced media. Media
9   labeled "CONFIDENTIAL" shall not contain "ATTORNEY'S EYES ONLY"
10  documents or information. Media labeled "CONFIDENTIAL" shall not contain
11  "ATTORNEY'S EYES ONLY" material. Electronic or native documents or
12  information shall be similarly labeled where practicable, and where not practicable,
13  written notification by a producing Party that it is producing Discovery Materials as
14  Confidential Materials shall suffice for treatment as provided herein for such
15  categories.  In the event a receiving Party generates any "hard copy" or printout
16  from any "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" disk or media, or
17  from any such electronic or native documents or information, that Party must
18  immediately stamp each page "CONFIDENTIAL" or "ATTORNEY'S EYES
19  ONLY" as appropriate and the hard copy or printout shall be treated as provided
20  herein for such categories. In the event a receiving attorney generates any "hard
21  copy" or printout from any disk or media, or from any such electronic or native
22  documents or information, labeled, marked or designated as "ATTORNEY'S EYES
23  ONLY," that attorney must immediately stamp each page "ATTORNEY'S EYES
24  ONLY" and the hard copy or printout shall be treated as provided herein for such
25  categories.

26         3.3   <u>Designation of Deposition Testimony</u>:   Deposition testimony
27  may be designated "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" by oral
28  designation on the record, or within twenty (20) days after the transcript of such

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1 deposition is made available to the designating Party. The person making the
2 designation shall instruct the court reporter to separately bind the portions of the
3 deposition transcript so designated, and to stamp the appropriate designation on each
4 page. The party making the designation shall pay the court reporter for the time
5 needed to make the designation on each page. Pending expiration of this twenty (20)
6 day period, all Parties shall treat the testimony and exhibits as if such materials had
7 been designated as "CONFIDENTIAL" unless the exhibits and/or testimony have
8 previously been designated as "ATTORNEY'S EYES ONLY" according to the
9 procedures set forth herein, in which case those exhibits and/or testimony shall be
10 treated as such.

11       3.4    For information produced in or on any other tangible items, the
12 Producing Party may affix in a prominent place on the exterior of the item in which
13 the information is stored the words "CONFIDENTIAL" or "ATTORNEY'S EYES
14 ONLY"

15       4.    A Party may, at any time, serve written notice of its objections to the
16 designation of any Discovery Materials as Confidential Materials. The Parties shall
17 then informally attempt to resolve their dispute. If they are unable to do so, the
18 Party challenging the designation may bring a motion for an order that the
19 Discovery Materials at issue not be so designated. During the pendency of the
20 motion, the Discovery Materials at issue shall be treated in accordance with their
21 designation.

22       5.    Confidential Materials shall be used solely for the purposes of this
23 litigation and shall not be used for any business or other purpose. The restrictions
24 on use of Confidential Materials set forth in this Order shall survive the conclusion
25 of the litigation, and, after conclusion of this litigation, the Court shall retain
26 jurisdiction for the purpose of enforcing this Order. "ATTORNEY'S EYES
27 ONLY" documents may be disclosed only to persons identified in paragraph 5.1
28 below. "CONFIDENTIAL" documents may be disclosed to:

5.1 (a) Any attorney acting as counsel of record for a Party in this action, or retained or employed by any of the Parties as counsel of record, but excluding in-house counsel, unless said in-house counsel is also acting as counsel of record for a Party in this action; (b) outside experts retained solely for the purposes of this action and excluding any client or present or past employees of any client that may be designated; and (c) necessary staff of the attorney acting as counsel of record for a Party, provided such staff is not in any way affiliated with a Party to the action. All persons shown an "ATTORNEY'S EYES ONLY" document or given access to "ATTORNEY'S EYES ONLY" information shall, prior to disclosure, acknowledge in writing, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this Order as Exhibit A.

5.2 Paralegal, stenographic, clerical, secretarial personnel and outside copying services regularly employed by counsel listed in (a) above;

5.3 Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incident to preparation for trial and trial of this action; and

5.4 Any consultant or expert, not including a Party to this action, retained in connection with this action, provided that each such person first acknowledges in writing, that he or she has read this Order and agrees to be bound by its terms. This acknowledgment shall be made by execution of the Undertaking attached to this Order as Exhibit A. All such written acknowledgments shall be maintained by counsel making the disclosure of the Confidential Materials, and shall be provided to the opposing Party's counsel at the conclusion of this action.

5.5 A Party, any officer, director, employee or former employee of a Party, disclosure to whom counsel believes in good faith is necessary to assist in the prosecution or defense of this action.

6.     Nothing contained in this Order shall preclude any Party at deposition from showing any document labeled "CONDIDENTIAL" or disclosing information derived therefrom to any deponent where the deposing Party holds a good faith belief that the "CONFIDENTIAL" document is reasonably related to the deponent's testimony and the deponent is informed on the record that the material is confidential and the deponent is informed that he/she may not disclose the content of the confidential document.

7.     Any pleadings, documents, materials or exhibits using, referring to or incorporating "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" materials, submitted to the Court for consideration in relation to a motion or other filing shall be lodged with the Clerk of the Court in a sealed envelope designated "Confidential – Subject to Protective Order" on its face.  Concurrent with the lodging of such documents, the lodging party shall file an application to file the documents under seal, setting forth an appropriate legal basis (e.g., good cause, compelling reason, etc.) for sealing the documents from the public record. The party shall also lodge a narrowly-tailored proposed order sealing the documents.  The designating party may file a supplemental brief in support of the request for the documents to be filed under seal.  If the Court denies the request for the documents to be sealed, the party offering the documents may nonetheless file them with the Court. The designating party may waive the status of "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" information at any time by electing to file such documents without sealing.

8.     This Order, the fact of its adoption or entry, and any provision of this Order or form attached to this Order, shall not be admissible for any purpose of this litigation, except to the extent necessary to enforce the terms of this Order.

9.     Nothing in this Order (a) restricts the introduction at trial of any documents, testimony, or other evidence; (b) restricts the use of information obtained from sources other than discovery, motion practice, or voluntary disclosure of information by any Party conducted under the terms of this Order; or (c) prevents

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1  disclosure beyond the terms of the Order if the Party designating the Confidential
2  Materials consents to such disclosure, or if the Court orders such disclosure.

3      10.    A Party's use for any purpose of its own documents and other things,
4  which it produces or discloses in this action, shall not be considered a violation of
5  the Order, but to the extent such documents are disclosed in variation to the terms of
6  this Order, such will result in a waiver of the Confidential designation and the
7  document shall no longer be the subject of this Order or its treatment.

8      11.    Notwithstanding paragraph 10, above, the inadvertent or unintentional
9  disclosure by the producing Party of Confidential Materials shall not be deemed a
10 waiver, in whole or in part, of the confidential nature of such material, and, if so
11 designated at any time, the Confidential Materials so disclosed shall be governed by,
12 and subject to, the terms of this Order upon notice to other parties that the disclosure
13 was unintentional or inadvertent.

14     12.    Should any person bound hereby receive a subpoena, document
15 request, civil investigation demand, or other process from a third party that may be
16 construed to require the disclosure of Confidential Materials in any form, said
17 person shall give notice immediately to the Party who designated the information
18 that is sought.

19     13.    The procedures set forth herein shall not affect the rights of the Parties
20 to object to discovery on the grounds other than those related to the confidentiality
21 of the documents, nor shall it relieve a Party of the necessity of proper responses or
22 objections to discovery requests, nor shall it preclude any Party from seeking further
23 relief or protective orders from the Court as may be appropriate.

24 ///
25 ///
26 ///
27
28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800  •  FAX 310.566.9850

10075./45082.110075./44511.110075./44383.110075./43813.1

9

1    14.    Within sixty (60) days after the termination of this litigation and the

2  expiration of the time for appeal, all originals and copies of any documents

3  containing Confidential Materials, shall be returned to the Party who produced such

4  documents, unless that Party otherwise agrees in writing.

5

6         IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

7

8  DATED:  May 6, 2009         KINSELLA WEITZMAN ISER KUMP &

9                             ALDISERT LLP

10

11                            By: /Gregory J. Aldisert
                                  _____
12                                Gregory J. Aldisert
                                  Attorneys for Plaintiff SPARTAN HOME
13                                ENTERTAINMENT, LLC

14
   DATED:  May 6, 2009         FOLEY, BEZEK, BEHLE, CURTIS LLP
15

16

17                            By: /Peter J. Bezek
                                  _____
                                  Peter Bezek
18                                Attorneys for Defendants

19

20

21  IT IS SO ORDERED DATED MAY_____7_____, 2009

22

23

24  _____
    Hon. Manuel Real
25  U.S. District Court Judge

26

27

28

10075./45082.110075./44511.110075./44383.110075./43813.1

10

PROTECTIVE ORDER

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KINSELLA WEITZMAN ISER KUMP & ALDISERT LLP
808 WILSHIRE BOULEVARD, 3RD FLOOR
SANTA MONICA, CALIFORNIA 90401
TEL 310.566.9800 • FAX 310.566.9850

## EXHIBIT A

## UNDERTAKING

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury

under the laws of the United States that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court

for the Central District of California on May 6, 2009 in the case of SPARTAN

HOME ENTERTAINMENT, LLC   v.  BOONDOCK SAINTS, LLC, et al., Case

No.: 2:09-cv-0476 R

I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply

could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information

or item that is subject to this Stipulated Protective Order to any person or entity

except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District

Court for the Northern District of California for the purpose of enforcing the terms

of this Stipulated Protective Order, even if such enforcement proceedings occur

after termination of this action.

I hereby appoint _____ [print or type full name]

of _____ [print or type full address and

telephone number] as my California agent for service of process in connection

with this action or any proceedings related to enforcement of this Stipulated

Protective Order.

Dated_____ at _____,_____

Signature: _____

10075./45082./10075./44511.110075./44383.110075./43813.1

11

PROTECTIVE ORDER