Peter J. Bezek, SBN 102310
Roger N. Behle, Jr. SBN 174755
Justin P. Karczag, SBN 223764
**FOLEY BEZEK BEHLE & CURTIS, LLP**
575 Anton Boulevard, Suite 710
Costa Mesa, California 92626
Telephone: (714) 556-1700
Facsimile: (714) 546-5005
E-Mail: PBezek@FoleyBezek.com
E-Mail: RBehle@FoleyBezek.com
E-Mail: JKarczag@FoleyBezek.com

Attorneys for Defendants and Counterclaimants

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SPARTAN HOME ENTERTAINMENT, LLC,<br><br>Plaintiff,<br>v.<br><br>BOONDOCK SAINTS, LLC, a California limited liability company; BOONDOCK WEB, LLC, a California limited liability company; CHRIS BRINKER, an individual; TROY DUFFY, an individual; DUFFY ENTERPRISES, INC., a California corporation , and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: CV09-0476R(RCx)<br><br>Judge: Manuel L. Real<br>Magistrate Judge: Rosalyn M. Chapman<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW**<br><br>**Date: TBD**<br><br>**Time: TBD**<br><br>**Courtroom: 8**<br><br>Trial Date: September 22, 2009 |
| BOONDOCK SAINTS, LLC, a California limited liability company and TROY DUFFY, | |

Counterclaimants,

vs.

SPARTAN HOME ENTERTAINMENT, LLC,

Counterdefendant.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff SPARTAN HOME ENTERTAINMENT LLC's Motion for Summary Adjudication; Defendants BOONDOCK SAINTS, LLC; CHRIS BRINKER; TROY DUFFY; and DUFFY ENTERPRISES, INC.'s Motion for Partial Summary Adjudication, Countermotion for Summary Judgment or Adjudication, and Motion for Summary Judgment on Plaintiff's Third and Fourth Causes of Action for Intentional Interference with Contractual Relations with FPLAC, LLC and Breach of Contract, came on regularly for hearing before this Court on July 27, 2009, the Honorable Manuel L. Real presiding.

Plaintiff was represented by Gregory Aldisert and Gregory Gabriel of Kinsella, Weitzman, Iser, Kump & Aldisert, LLC. Defendants were represented by Peter J. Bezek and Roger N. Behle of Foley, Bezek, Behle & Curtis, LLP.

The Court, having considered the points and authorities submitted by the parties, the declarations and exhibits thereto, the relevant pleadings and papers on file with the Court, and having heard the oral argument of counsel thereon, and having fully considered the law and the facts disclosed by this record, hereby makes the following findings of uncontroverted facts and conclusions of law:

*STATEMENT OF UNCONTROVERTED FACTS*

1. Plaintiff Spartan in this action was the defendant in the prior action.

2. The defendants in this action were the plaintiffs in the prior action or are their predecessors, successors, assignees or agents.

3. The first cause of action alleged by the plaintiffs in the prior action sought declaratory relief that the alleged 1997 transfer of rights from Franchise Pictures, Inc. to Spartan, related to the film entitled Boondock Saints, was unenforceable.

4. The parties, each sophisticated and represented by counsel, settled the prior action and signed a comprehensive release of claims arising out of the prior action.

5. On May 7, 2008, the parties memorialized that settlement by an initial Settlement Agreement of that date.

6. In June, 2008 – after the initial Settlement Agreement was executed but before the formal Settlement Agreement was executed – Spartan entered into a purported Merchandising Agreement with the purported successor to Franchise Pictures, Inc. ("FPLAC").

7. On August 27, 2008 the parties signed a formal Settlement Agreement that included a general release of all claims that were ripe as of that date.

*CONCLUSIONS OF LAW*

8. The fact that the August, 2008 Settlement Agreement incorporated the May, 2008 Settlement Agreement does not mean that the subsequent agreement is automatically backdated to the date of the earlier agreement.

9. The second, formal agreement is a subsequent agreement that was enforceable on the date it was signed and effective only as of that date.

10. The second, formal agreement provided a broader release than in the first agreement.

11. Each party's release was consideration for that of the other.

12. The effective date of the August 27, 2008 Settlement Agreement is August 27, 2008.

13. All of Plaintiff's claims in the instant action, as set forth in its First Amended Complaint, arise out of the same 1997 transfer of rights which allegedly included an alleged transfer of merchandising and DVD distribution rights for the film for the following reasons:

a. Plaintiff's claims in this action arose out of the same events complained of in the prior action;

b. Plaintiff acquired the merchandising rights prior to August 27, 2008; and,

c. Plaintiff admittedly knew of the defendants' merchandising prior to the signing of the May 2008 settlement agreement.

14. Plaintiff Spartan played games with the dates and claims, trying to outmaneuver the defendants.

15. Spartan lost the game when it signed a release of claims in August, 2008 that included the claim it purchased in June, 2008.

16. Spartan's merchandising claims were ripe at the time of the August 27 settlement agreement, at which point those claims were released.

DATED: August 6, 2009

Hon. Manuel L. Real
UNITED STATES DISTRICT COURT